UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID DAVIS, et al.,

    Plaintiffs,

v.

MICHAEL HERMAN, et al.,

    Defendants.

_____/

No. C 09-0257 PJH

**ORDER OF DISMISSAL**

    Plaintiffs David Davis and Page Gearhart-Davis filed this action on January 21, 2009, and also requested leave to proceed in forma pauperis ("IFP").  The court finds that the complaint must be dismissed under 28 U.S.C. § 1915 (e) for failure to state a claim.

## BACKGROUND

    In June 2007, plaintiffs filed an action against the Clearlake Police Department, alleging violations of their civil rights under 42 U.S.C. § 1983, arising out of a series of encounters with members of the Police Department between August 2, 2006, and January 17, 2007.  The complaint in that action – Davis v. Clearlake Police Department, C-07-3365 EDL – was dismissed for failure to state a claim, with leave to amend, and plaintiffs filed a first amended complaint on August 23, 2007.

    On September 3, 2008, the court granted defendant's motion for summary judgment.  The court found that while triable issues had been raised with regard to plaintiffs' claims under the Fourth and Fourteenth Amendments, plaintiffs had failed to establish a triable issue of fact as to the liability of the sole defendant – the Clearlake Police Department – under Monell v. Dept. of Social Servs., 436 U.S. 658 (1978).

    On January 21, 2009, plaintiffs filed the present lawsuit, naming as defendants five officers of the Clearlake Police Department:  Lieutenant Michael Herman, Sgt Timothy Celli,

Officer Todd Miller, Officer Timothy Hobbs, and Officer Labbe.  Other than the naming of the new defendants, the allegations in the complaint are virtually identical to the allegations in the first amended complaint filed in <u>Davis v. Clearlake Police Department</u>, C-07-3365 EDL.

## DISCUSSION

A.   Legal Standard

    The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  When a complaint is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit.  28 U.S.C. § 1915( e)(2); <u>see also</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1226-27 (9th Cir. 1984 ).

    A complaint is frivolous for purposes of 1915(e) if it lacks any arguable basis in fact or in law.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 328- 30 (1989).  A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable lega  claim.  <u>Guti v. INS</u>, 908 F.2d 495, 496 (9th Cir. 1990).

    When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  <u>Cato v. United States</u>, 70 F. 3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

B.   Analysis

    The court finds that the complaint must be dismissed for failure to state a claim, as the civil rights claims against the defendant officers are time-barred.  Title 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal

2

rights elsewhere conferred.  See Graham v. Connor, 490 U.S. 386, 393-94 (1989).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Under § 1983, the appropriate statute of limitations period is that of the forum state's statute of limitations for personal injury torts.  Wilson v. Garcia, 471 U.S. 261, 276 (1985); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).  In California, the general residual statute of limitations for personal injury actions is the two-year period set forth in California Civil Procedure Code § 335.1.  Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004).

Federal law determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action.  Elliott v. City of Union City, 25 F.3d 800, 801 (9th Cir. 1994).  Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  TwoRivers, 174 F.3d at 991-92.[1]  But accrual ultimately depends on the substantive basis of the claim.  See, e.g., Cabrera v. City of Huntington Park, 159 F.3d 374, 380-81 ( 9th Cir. 1998) (claim of excessive force during arrest accrued on the date of arrest whereas claim of false imprisonment did not accrue until conviction was invalidated).

Here, plaintiffs allege that on August 2, 2006, Officer Miller and Sgt. Celli stopped plaintiffs' vehicle without probable cause; that on August 3, 2006, Officer Hobbs stopped plaintiffs' vehicle without probable cause, and Officer Hobbs and Sgt. Celli used excessive force in arresting plaintiff David Davis and unlawfully confiscated plaintiffs' vehicle; that on September 27, 2006, Officer Labbe and Sgt. Celli stopped plaintiffs' vehicle without

---

[1] The statute of limitations generally begins to run only once a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury."  United States v. Kubrick, 444 U.S. 111, 122 (1979).  But the plaintiff must be diligent in discovering the critical facts.  See Bibeau v. Pacific Northwest Research Found., 188 F.3d 1105, 1108 (9th Cir. 1999), amended, 208 F.3d 831 (9th Cir. 2000).  A plaintiff who does not actually know that his rights were violated will be barred from bringing his claim after the running of the statute of limitations if he should have known in the exercise of due diligence.  See id.

probable cause; that on December 27, 2006, Officer Labbe and Sgt. Celli stopped plaintiffs' vehicle without probable cause; that on January 17, 2007, Sgt. Celli came to plaintiffs home, falsely claiming that the Police Department had received a "911 hang-up call" from inside the home; and that on January 20, 2007, the Police Department "documented" both plaintiffs as "Anti Law Enforcement."

Plaintiffs allege unlawful seizure, false arrest, and excessive force, in violation of the Fourth Amendment, and racial profiling, in violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiffs' unlawful seizure, false arrest, and excessive force claims accrued on the dates of the events at issue. The racial discrimination claim appears to be based on a comment made to plaintiffs by Officer Miller on August 2, 2006, and other statements attributed to Officer Labbe and Sgt. Celli, reported to plaintiffs in late December 2006. Because all plaintiffs' civil rights claims accrued more than two years before January 21, 2009, the date they filed the present action, the claims are time-barred.

Plaintiffs also allege claims under 18 U.S.C. §§ 241 and 242, and under 42 U.S.C. § 14141. As the court indicated in the order granting defendants' motion for summary judgment in Davis v. Clearlake Police Department, C-07-3365 EDL, 18 U.S.C. §§ 241 and 242 are criminal statutes, which may not be asserted by a plaintiff in a civil action; and a claim under 42 U.S.C. § 14141 may be brought only by the Attorney General. Accordingly, those claims are also dismissed.

**CONCLUSION**

In accordance with the foregoing, the court finds that the complaint must be DISMISSED for failure to state a claim. Because the court finds that the deficiencies in the complaint cannot be cured by amendment, the dismissal is WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: March 24, 2009.

_____
PHYLLIS J. HAMILTON
United States District Judge

4